UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLEN KENNETH MASON,    ) | 3:20-CV-00039 (KAD) |
| *Plaintiff*,           ) | |
|                        ) | |
| v.                     ) | |
|                        ) | |
| OFFICER LAX, NORWICH POLICE ) | |
| DEPARTMENT,            ) | |
| *Defendant*.           ) | APRIL 22, 2020 |

## INITIAL REVIEW ORDER

Kari A. Dooley, United States District Judge

On January 9, 2020, the *pro se* plaintiff, Allen Kenneth Mason, (the "Plaintiff") a pretrial detainee currently held at Corrigan-Radgowski Correctional Center, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Officer Lax of the Norwich Police Department and the Norwich Police Department.  Compl.  [ECF No. 1].  Mason alleges that Officer Lax violated rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution during his arrest on October 12, 2019.[1]  The Plaintiff seeks compensatory and punitive damages against Officer Lax and the Norwich Police Department. For the following reasons, the Court permits only the Plaintiff's Fourth Amendment claim against Officer Lax based on the search of his truck to proceed.

---

[1] The Court notes that the Connecticut Judicial website shows that the Plaintiff was arrested on October 12, 2019, and charged with a violation of Conn. Gen. Stat. § 53a-167(c) (assault on a public safety officer); Conn. Gen. Stat. § 14-147(c) (improper use of marker, license or registration); Conn. Gen. Stat. § 14-215 (illegal operation of motor vehicle with suspended license or registration); Conn. Gen. Stat. § 14-213b (illegal operation of a motor vehicle without minimum insurance); and Conn. Gen. Stat. § 14-12(a) (operation or parking of an unregistered vehicle).  *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (noting that the court may "take judicial notice of relevant matters of public record").

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint . . . [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . or [that] seeks monetary relief from a defendant who is immune from such relief."  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted; internal quotation marks  omitted).  A complaint that includes only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement," does not meet the facial plausibility standard. *Id.* (alterations omitted; internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

**Factual Allegations**

On October 12, 2019, the Plaintiff pulled into a parking lot with his truck after picking up his personal belongings from his boat.  Compl. at 3, ECF No. 1. As he exited the truck, Officer Lax pulled up to him and asked whether he had been in downtown Norwich, Connecticut.  *Id.*  The Plaintiff, who had been moving belongings from his boat prior to this, indicated that he had not

and was simply parking his truck. *Id.* Officer Lax responded, "You are the one who took my supervisor on a chase." *Id.* Plaintiff denied that but Officer Lax asked him for his registration and his license. *Id.* The Plaintiff provided him with his paperwork. *Id.* After Officer Lax noted that the paperwork was for an Audi Avant, the Plaintiff responded that he would be transferring his license plates and insurance to his new truck as soon as possible. *Id.* The Plaintiff then asked to use the bathroom, and Officer Lax responded, "No." *Id.* The Plaintiff tried to explain to Officer Lax that he had thirty days to transfer his license plates to the new vehicle. *Id.* at 4. He also explained that he had an "ILD," which the Court assumes is an ignition locking device, in his prior vehicle and that was planning to have one installed in his new truck. *Id.* at 4. The Plaintiff then asked to use the bathroom again, but Officer Lax refused his request. *Id.*

Officer Lax then started to look through the truck without the Plaintiff's consent. *Id.* The Plaintiff was then frisked before being placed under arrest. *Id.* When the Plaintiff asked why he was being arrested, Officer Lax responded, "Don't worry about it." *Id.* The Plaintiff stated that he had not done anything wrong, Officer Lax responded that the court would figure that out. *Id.* Before he was put into the cruiser, Plaintiff again asked for the opportunity to urinate. *Id.* Officer Lax again refused his request. *Id.* The Plaintiff was put into the cruiser and transported to the Norwich Police Department. *Id.*

Upon arrival at the police station, the Plaintiff asked again to use the bathroom, explaining that he had kidney cancer and bladder problems. *Id.* As they entered the station, the Plaintiff was holding his penis to prevent himself from urinating and he continued to ask to use the bathroom. *Id.* Officer Lax would not allow him to use the bathroom and, instead, saying that he wanted to fingerprint him. *Id.* When Officer Lax grabbed the Plaintiff's arm and he let go of his penis, the

3

Plaintiff began to urinate on himself and on the floor. *Id.* Officer Lax noted this incident in his police report. *Id.*

**Discussion**

The Plaintiff claims that the search and seizure of his truck and license plate violated his Fourth and Fourteenth Amendment rights. The Plaintiff also alleges that Office Lax violated his rights under the Fourteenth and Eighth Amendment when he refused to allow him access to a bathroom to relieve himself.

### The Search of the Plaintiff's Truck

Mason contends that the search of his truck violated his rights under the Fourth Amendment and the due process clause of the Fourteenth Amendment. The Fourth Amendment claim is based on a lack of probable cause to search the truck, while the Fourteenth Amendment claim is based on the fact that Mason did not have a meaningful opportunity to be heard prior to the search.

As an initial matter, the Plaintiff cannot assert a claim based on the illegal search of his truck pursuant to the due process clause of the Fourteenth Amendment. The Fourth Amendment covers constitutional claims of search and seizure in connection with an arrest. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) (holding that all excessive force and illegal seizure claims "aris[ing] in the context of an arrest or investigatory stop" fall under the Fourth Amendment, which protects against unreasonable searches and seizures of the person, not the due process clause). "The Fourth Amendment was tailored explicitly for the criminal justice system, and its balance between individual and public interests always has been thought to define the 'process that is due' for seizures of person or property in criminal cases." *Gerstein v. Pugh*, 420 U.S. 103, 125 n.27 (1975). Moreover, a plaintiff's procedural due process claim is considered duplicative if it is based

4

upon the same factual basis as his Fourth Amendment claim.  *Levantino v. Skala*, 56 F. Supp. 3d 191, 203 (E.D.N.Y. 2014) (collecting cases).  Accordingly, the Fourteenth Amendment procedural due process claim is dismissed as futile and duplicative of the Fourth Amendment claim.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV; *see Terry v. Ohio*, 392 U.S. 1, 9 (1968) ("[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures." (citation omitted; internal quotation marks omitted)).  "As a general matter, '[t]he reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations.'"  *United States v. Lambus*, 897 F.3d 368, 402 (2d Cir. 2018) (quoting *Grady v. North Carolina*, 575 U.S. 306, 310 (2015)).  "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions."  *United States v. Navas*, 597 F.3d 492, 497 (2d Cir. 2010) (quoting *Katz v. United States*, 389 U.S. 347, 357(1967)).  Relevant to the Plaintiff's claim, a vehicle may be searched without a warrant in two circumstances.  First, under the automobile exception, a law enforcement officer may search a vehicle without a warrant where the officer has probable cause to believe that the vehicle contains contraband.  *United States v. Babilonia*, 854 F.3d 163, 178 (2d Cir. 2017).  Second, an arresting officer may search a vehicle incidental to a lawful arrest "when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest."  *Arizona v. Gant*, 556 U.S. 332, 346 (2009).

The Plaintiff alleges that his truck was searched without consent and without any cause, let alone probable cause.  In addition, when the allegations in the complaint are liberally construed in

favor of the Plaintiff, the Court cannot discern no basis to conclude that Officer Lax conducted the search incident to arrest. Accordingly, the allegations in the complaint are sufficient at this early stage of the proceeding to state a plausible Fourth Amendment violation based on the unlawful search of the Plaintiff's truck.[2]

### The Seizure of the Plaintiff's Truck and License Plate

The Fourth Amendment also protects against unreasonable seizures of property. *Soldal v. Cook Cty, Ill.*, 506 U.S. 56, 62 (1992). "A 'seizure' of property . . . occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Id.* at 61 (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). "To determine whether a seizure is unreasonable, a court must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion and determine whether the totality of the circumstances justified the particular sort of seizure." *Carroll v. City of Monroe*, 712 F.3d 649, 651 (2d Cir. 2013) (alterations omitted; citation omitted; internal quotation marks omitted). To plead a claim for unreasonable seizure in violation of the Fourth Amendment, therefore, the Plaintiff must have plausibly alleged that (1) "the taking of his [vehicle] was indeed a 'seizure' as defined by the Fourth Amendment," and (2) "that seizure was unreasonable" *Rothman v. City of New York*, No. 19-CV-0225 (CM), 2019 WL 3571051, at *4 (S.D.N.Y. Aug. 5, 2019).

As an initial matter, although the Plaintiff appears to assert a claim based on the seizure of his truck and license plate, the basis for this claim is unclear, as the Plaintiff does not include any factual allegations about his truck or his license plate being seized on October 12, 2019 or any other date. Even assuming for the sake of argument that the Plaintiff plausibly alleged that his

---

[2] The Plaintiff does not allege that anything was found during the search or that anything was seized from his vehicle as a result of the search.

truck and license plate were seized in the constitutional sense, he still has not asserted a plausible Fourth Amendment violation with respect to these seizures. The Plaintiff alleges only that the seizure of his truck and license plate was conducted in a negligent manner because Officer Lax did not know the law "on transfer of a plate. . . ." (Compl. at 5.) The Fourth Amendment, however, "only protects individuals against 'unreasonable' seizures, not seizures conducted in a 'negligent' manner." *Dodd v. City of Norwich*, 827 F.2d 1, 7-8 (2d Cir. 1987). The Plaintiff's Fourth Amendment claim based on the negligent seizure of his truck and license plate is therefore dismissed pursuant to 28 U.S.C. 1915A(b)(1).[3]

### Denial of Bathroom Access

The Plaintiff also alleges that Officer Lax's repeated refusal to allow him to use the restroom violated his rights under the Fourteenth and Eighth Amendments. This claim is best construed as a claim of deliberate indifference to his health by denying him access to the bathroom.

As an initial matter, a deliberate indifference claim based on the Eighth Amendment is available only to sentenced inmates, not pretrial detainees or arrestees. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *e.g.*, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (concluding Eighth Amendment had "no application" to deliberate indifference claim where "there had been no formal adjudication of guilt against [the plaintiff] at the time he required medical care"); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that the Court of Appeals properly relied on due process clause rather than Eighth Amendment when evaluating pretrial detainees claims). Therefore, the Plaintiff's claim under the Eighth Amendment is dismissed pursuant to 28 U.S.C. 1915A(b)(1).

---

[3] It is unclear whether the Plaintiff intended to assert a procedural due process claim based on the seizure of his truck and license plate. To the extent that he did, such a claim would fail. As previously explained, the Fourth Amendment is the proper vehicle for challenging searches and seizures that occurred in the context of an arrest or investigatory stop. *See Graham*, 490 U.S. at 394.

Generally, a pretrial detain may assert a deliberate indifference claim under the due process clause of the Fourteenth Amendment. *Bell*, 441 U.S. at 535 n.16; *Darnell*, 849 F.3d at 29. In the context of claims asserting deliberate indifference to the health or safety needs of detainees who have been arrested but not yet arraigned, however, courts within this Circuit have applied either the Fourth or the Fourteenth Amendment. *See Shakir v. Derby Police Dep't*, 284 F. Supp. 3d 165, 207–08 (D. Conn. 2018) (noting split of authority regarding standard applied to an arrestee's denial of medical care and applying Fourth Amendment), *rev'd Shakir v. Stankye*, No. 18-242-cv, 2020 WL 1480141 (2d Cir. Mar. 24, 2020) (summary order). And this Court has previously held that these claims are governed by the Fourth Amendment. *See Conquistador v. Meriden*, 18-cv-00685 (KAD), ECF No. 77 at 26–30 (D. Conn. Aug. 13, 2019); *see also id.*, ECF No. 83 (D. Conn. Sept. 5, 2019) (order adopting recommended ruling).[4] However, regardless of whether the claim in this case is analyzed under the Fourth or the Fourteenth Amendment, no constitutional violation is plausibly alleged.

To state a Fourth Amendment claim for unconstitutional conduct during the course of an arrest, to include deliberate indifference to health or safety, a plaintiff must allege facts showing "that the conduct of the officer was 'objectively unreasonable.'" *Shakir*, 284 F. Supp. 3d at 208 (quoting *Graham*, 490 U.S. at 397). "The reasonableness inquiry is objective and does not concern the officer's subjective motivations." *Shakir*, 284 F. Supp. 3d at 208. A detainee can state a Fourth Amendment claim of unconstitutional conditions of confinement, to include deliberate indifference claims, "by showing that the officers acted with deliberate indifference to the

---

[4] Subsequent to the decision cited, the Court applied the Fourteenth Amendment when deciding a motion for summary judgment regarding such claims. *Miller v. Neto*, 17-cv-00362 (KAD), 2019 WL 4646973, at *6 n.5 (D. Conn. September 24, 2019). There, the Court noted the split within the Circuit and applied Fourteenth Amendment standards because the parties had not briefed the issue and, in fact, had analyzed the issues under the Fourteenth Amendment. *Id.*

8

challenged conditions." …The Plaintiff "must satisfy two prongs to prove a claim, an 'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and a 'subjective prong' ... showing that the officer acted with at least deliberate indifference to the challenged conditions," …, either by intentionally imposing them or "recklessly fail[ing] to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Shakir v. Stankye*, 2020 WL 1480141, at *4 (2d Cir. Mar. 24, 2020)(internal citations omitted).

Here, the Plaintiff alleges that Officer Lax refused to allow him to access a bathroom during their encounter on the street and after they arrived at the police station, despite the Plaintiff's repeated requests and explanation of his medical need to urinate. As a result of this continued refusal, the Plaintiff eventually urinated on himself during the booking process. These allegations do not plausibly allege a constitutional violation. "Individuals in custody do not have a constitutional right to use the bathroom . . . whenever they please." *Treat v. Cent. New York Psychiatric Ctr.*, No. 12-cv-00602 (GLS) (DEP), 2013 WL 6169746, at *2 (N.D.N.Y. Nov. 20, 2013). "In ordinary circumstances a temporary deprivation of the right to use the toilet, in the absence of serious physical harm or a serious risk of contamination simply does not rise to the level of [a constitutional] violation." *D'Attore v. New York City*, No. 10-cv-03102 JSR, 2015 WL 556778, at *10 (S.D.N.Y. Feb. 10, 2015)(analyzing the claims under the Fourteenth Amendment); *accord Pascual v. Fernandez*, No. 11-cv-07075, 2013 WL 474292, at *4 (S.D.N.Y. Jan. 29, 2013)(analyzing claim under the Fourth Amendment); *Mateo v. Alexander,* No. 10-cv-08427 (LAP)(DCF), 2012 WL 864805, *5 (S.D.N.Y. Mar. 14, 2012)(analyzing claim under the First and Fourteenth Amendment.). Because the encounter between the Plaintiff and Officer Lax was brief,

9

lasting less than an hour, it was objectively reasonable for Officer Lax to behave as he did. Nor do the allegations permit an inference that he acted with a reckless disregard of a serious risk of physical harm or contamination.

Notably, courts have held that denial of access to a bathroom for much longer durations does not rise to the level of a constitutional violation. *E.g.*, *Hunter v. Namanny*, 219 F.3d 825, 831 (8th Cir. 2000) (holding that denial of access to bathroom during execution of search warrant did not rise to level of constitutional violation even where plaintiff defecated and urinated on himself); *Steele v. County of Los Angeles*, 117 Fed. Appx. 507, 508–09 (9th Cir. 2004) (unpublished) (holding that detention of residents for "two to three hours" in living room during execution of search warrant was not unreasonable even where they were denied access to bathroom); *cf. Hart v. City of New York*, No. 11-cv-04678 (RA), 2013 WL 6139648, at *8 (S.D.N.Y. Nov. 18, 2013) (denying motion for summary judgment on Eighth Amendment claim where inmate testified that he was denied access to a bathroom for ten hours, despite repeated requests and report of medical condition that caused frequent urination).

This claim is dismissed under 28 U.S.C. § 1915A(b)(1).

**Claims Against the Norwich Police Department**

The Plaintiff also names the Norwich Police Department as a defendant. However, a municipal police department is not an independent legal entity and, therefore, is not subject to suit under Section 1983. *Rose v. City of Waterbury*, No. 12-cv-00291, 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) (holding that municipal police department is not subject to suit under Section 1983 because it is not an independent legal entity under Connecticut law); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (same). Because the plaintiff cannot bring

a claim under 42 U.S.C. § 1983 against the Norwich Police Department, any claims asserted against the Norwich Police Department are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**ORDER**

The Court enters the following orders:

(1) The case shall proceed against Officer Lax in his individual capacity on the Plaintiff's Fourth Amendment claim for damages based on the search of his truck. All other claims are DISMISSED with prejudice.

(2) The Clerk of Court shall mail a waiver of service of process request packet containing the Plaintiff's complaint and this Initial Review Order to Officer Lax at the Norwich Police Department, 70 Thames Street, Norwich, CT, 06360, on or before **May13th, 2020** and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If Defendant fails to return the waiver request, the Clerk of Court shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on the Defendant, and the Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) Defendant Officer Lax shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If the Defendant chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. The Defendant may also include any and all additional defenses permitted by the Federal Rules of Civil Procedure.

(4) Discovery, according to Rule 26 through 37 of the Federal Rules of Civil Procedure, shall be completed by **November 22, 2020**. Discovery requests need not be filed with the Court.

(5) All motions for summary judgment shall be filed by **December 22, 2020.**

(6) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7) If the Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(9) The Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The Plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendant's counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of April 2020.

                                               /s/ Kari A. Dooley
                                              KARI A. DOOLEY
                                              UNITED STATES DISTRICT JUDGE